**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: Ernestine Robinson | Case No. 16-30817-KLP |
| Debtor | Chapter 13 |

**ERNESTINE ROBINSON,** *individually and on behalf of a class of similarly situated individuals,*

      **Plaintiff,**

v.                                                 Adv. Pro. No. 17-03023-KLP

**PORANIA LLC, and
BILTMORE ASSET MANAGEMENT, LLC,**

      **Defendants.**

## AMENDED CLASS ACTION COMPLAINT

COMES NOW the Plaintiff, ERNESTINE ROBINSON, ("Plaintiff"), by counsel, and for her Complaint against the Defendants, she alleges as follows:

### I.    PRELIMINARY STATEMENT

1.    This is an action for declaratory relief, injunctive relief, actual damages, statutory damages, costs and attorneys' fees brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA") and Federal Rule of Bankruptcy Procedure 3001. Plaintiff brings this action individually and on behalf of all others similarly situated to recover remedies by reason of the Defendants' violations of the FDCPA and Federal Rule of Bankruptcy Procedure 3001. The violating actions addressed in this complaint stem from attempts to collect a debt that Defendants

Emily Connor Kennedy (VSB #83889)
Mark C. Leffler (VSB #40712)
Boleman Law Firm, P.C.
2104 W. Laburnum Ave., Suite 201
Richmond, VA 23227
Telephone (804) 358-9900
Counsel for Plaintiff

Dale W. Pittman (VSB #15673)
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
Telephone (804) 861-6000
Counsel for Plaintiff

Thomas D. Domonoske (VSB # 35434)
Consumer Litigation Associates. P.C.
763 J. Clyde Morris Blvd., Suite 1A
Newport News, VA 23601
Telephone (540) 442-7706
Counsel for Plaintiff

are not entitled to enforce in bankruptcy by filing improper proofs of claim in Plaintiff's Chapter 13 bankruptcy case.

## II. JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157(b), and 1334, and 11 U.S.C. §§ 105 and 502, and Federal Rules of Bankruptcy Procedure 3001, 3007, and 7023 in that this action arises in and relates to the bankruptcy case of Ms. Ernestine Robinson, a Chapter 13 case which was filed in this court on February 24, 2016.

3. This proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(A), (B), (C), and (O). The claims in this case arise under 28 U.S.C. §§ 1331 and 1332, and 15 U.S.C. § 1692k(d). To the extent that the Court finds that any of Plaintiff's claims in this complaint are non-core claims, Plaintiff consents to entry of final judgment on all claims presented in this matter by the Bankruptcy Court.

4. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(2) and 1409. A substantial portion of the events giving rise to Plaintiff's claims occurred in this District, Plaintiff and other similarly-situated debtors filed bankruptcy in this District, payments were demanded in this District, and Defendants transact business in this District.

## III. PARTIES

5. Plaintiff Ernestine Robinson ("Ms. Robinson") is a natural person, and an adult resident of the Richmond Division. She is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. Defendant Porania LLC ("Porania") is a Delaware limited liability company that is not registered with the Virginia State Corporation Commission.

7. According to a document attached to the proof of claim it filed in Plaintiff's Chapter 13, Defendant Porania is a "debt collector".[1]

8. The principal purpose of Porania's business is collecting debts, including by filing claims in bankruptcy cases. Porania is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. Defendant Biltmore Asset Management, LLC ("Biltmore") is an Ohio limited liability company that is not registered with the Virginia State Corporation Commission.

10. Biltmore's website states that "Biltmore Asset Management acts as a debt collector." Biltmore Asset Management, http://www.biltmoreasset.com (last visited Dec. 17, 2016).

11. Biltmore regularly collects or attempts to collect debts that are owed or due or asserted to be owed or due another. Biltmore is a "debt collector" as defined by 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

12. On February 24, 2016, Plaintiff filed for relief under Chapter 13 of Title 11 U.S. Code in the Bankruptcy Court for the Eastern District of Virginia, Case No. 16-30817-KLP.

13. On July 12, 2016, Defendants filed or caused to be filed a Proof of Claim against Ms. Robinson in her bankruptcy case, attempting to collect $800.00. The Proof of Claim is attached to this complaint as "Exhibit 1".

14. In Box 1 of the Proof of Claim, Defendants describe the current creditor as "Porania LLC".

15. In Box 7 of the Proof of Claim, in response to the question "Does this amount include interest or other charges?", Defendants indicated "No".

---

[1] The document attached to Porania's proof of claim states, "Please be advised that Porania LLC has purchased the below referenced account. This communication is from a debt collector. Any information obtained will be used for that purpose."

3

16. In Box 8 of the Proof of Claim, in response to the question "What is the basis of the claim?", Defendants indicated "Payday Loan".

17. In Part 3 of the Proof of Claim, Defendant Biltmore checked the box indicating that it is "the creditor's attorney or authorized agent".

18. Part 3 of the Proof of Claim is signed by the President of Biltmore Asset Management, Amy Danner ("President Danner").

19. Above President Danner's signature, the proof of claim states, "I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct. I declare under penalty of perjury that the foregoing is true and correct."

20. Defendants affixed three (3) attachments to the proof of claim and designated them "Part Two", "Part Three", and "Part Four":

   a. "Part Two" appears to be a true copy of the proof of claim form;

   b. "Part Three" is a 1-page document entitled "Statement Under Fed. R. Bankr. P. 3001(c)(1) of the Circumstances of the Loss or Destruction of the Writing Upon Which the Claim is Based" (the "Rule 3001(c)(1) Statement"); and

   c. "Part Four" is a 1-page document that is self-identified as an "account summary" (the "Account Summary").

21. The Account Summary sets forth, among other things, the following:

   a. that the original creditor was Allied Cash Advance;

   b. that the account was opened on February 15, 2013;

   c. That the "Original Account No." ended in 2830;

   d. that the account was charged off on June 30, 2013;

   e. that the last payment amount was $0.00;

4

    f. that the principal balance is $800.00;

    g. that the interest amount is $0.00; and

    h. that the interest rate is zero percent (0%).

  22.  The alleged debt described in the Proof of Claim is a "debt" as defined in 15 U.S.C. § 1692a(5).

  23.  Plaintiff did not list a debt to Defendants in her bankruptcy Schedules.

  24.  Plaintiff denies owing this debt to Defendants and has requested strict proof thereof. Defendants failed to attach any document showing that Defendants are entitled to enforce the debt, and Defendants have failed to produce any documents showing that they are legally entitled to enforce this debt.  Plaintiff has objected to the proof of claim (see Case No. 16-30817-KLP, Docket No. 37).

  25.  Defendants' Statement under Rule 3001(c)(1) states that the debt was purchased from a seller who has a document retention policy of not keeping copies, even electronic copies, of the underlying agreements, applications, or other writings on which the claim is based.

  26.  Defendants knew or reasonably should have known when they purchased the debt and when they filed the Proof of Claim that they were not entitled to enforce this debt in a United States Bankruptcy Court.

  27.  Defendants knew or reasonably should have known when they filed the Proof of Claim that it contained false statements of fact.

  28.  Defendants knew or reasonably should have known when they filed the Proof of Claim that they did not possess sufficient data to file a Proof of Claim in compliance with the requirements of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

**V.**

**COUNT I**
**CLASS CLAIM AGAINST BOTH DEFENDANTS**
**VIOLATIONS OF THE FDCPA – 15 U.S.C. § 1692, *et seq*.**

29. Plaintiff realleges and incorporates all factual allegations in the complaint.

30. Pursuant to Rules 23(a), (b)(2), (b)(3) and (c)(4) of the Federal Rules of Civil Procedure, Plaintiff brings this class action on behalf of herself and all others similarly situated. Specifically, Plaintiff seeks to represent the following persons (the "FDCPA Class" or "FDCPA Class Members"):

All debtors in the Bankruptcy Court for the Eastern District of Virginia who did not list a debt to Porania in their bankruptcy Schedules, and in whose bankruptcy cases Biltmore filed Proofs of Claim alleging that Porania purchased the claim from third parties, where the Proofs of Claim: (a) do not include documents from the original alleged creditor, (b) state that $0.00 in interest, fees, or other charges are included in the claim amount, and (c) state that the person signing the Proof of Claim has a reasonable belief that the information in the Proof of Claim is true and correct.

31. Members of the above-defined FDCPA Class can be easily identified through Defendants' records, the records of this Court, and the records of this Court's Chapter 13 trustees.

**A.  Numerosity**

32. The proposed FDCPA Class is so numerous that individual joinder of all Members is impracticable.

33.     The subject involves hundreds—if not thousands—of FDCPA Class Members. While the identities of FDCPA Class Members are unknown to Plaintiff at this time, their identifying information is readily ascertainable through appropriate investigation and discovery. The disposition of the claims of the FDCPA Class Members in a single action will provide substantial benefits to all class members and to the Court.  The FDCPA Class Members may be notified through the Bankruptcy Notification Center.

### B.     Predominance of Common Questions of Law and Fact

34.     Common questions of law and fact exist as to all Members of the FDCPA Class and predominate over any questions affecting only individual FDCPA Class Members.  These common legal and factual questions include, but are not limited to, the following:

(a) Whether the proofs of claim are false;

(b) Whether the proofs of claim violate Federal Rule of Bankruptcy Procedure 3001;

(c) Whether the Defendants violated the Fair Debt Collection Practices Act;

(d) Whether the Defendants engaged in unfair, deceptive, and unconscionable practices in connection with the proofs of claim;

(e) Whether, as a result of the Defendants' illegal activities, Plaintiff and FDCPA Class Members have suffered damages and, if so, the appropriate valuation of those damages; and,

(f) Whether, as a result of Defendants' activities, Plaintiff and FDCPA Class Members are entitled to declaratory and injunctive relief, or other relief; and, if so, the nature of that relief.

### C.     Typicality

35.     Plaintiff's claims are typical of the claims of the Members of the FDCPA Class. Plaintiff and FDCPA Class Members share the facts and legal claims or questions in this complaint, and Plaintiff and all FDCPA Class Members have been similarly affected by

Defendants' common course of conduct: filing improper claims with false representations in this District.

### D.  Adequacy

36. Plaintiff will fairly and adequately represent and protect the interests of the FDCPA Class. Plaintiff has retained counsel with substantial experience in handling bankruptcy matters as well as complex class action litigation, including complex questions that arise in this type of financial and consumer protection litigation.

37. Plaintiff and her counsel are committed to the vigorous prosecution of this action. Plaintiff and her counsel will fairly and adequately protect the interests of the members of the FDCPA Class. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

### E.  Superiority

38. A class action is superior to other available methods for the fair and efficient adjudication of the present controversy for at least the following reasons:

(a) The claims presented in this case predominate over any questions of law or fact affecting individual FDCPA Class Members;

(b) Individual joinder of all FDCPA Class Members is impracticable;

(c) Absent a Class, Plaintiff and FDCPA Class Members will continue to suffer harm as a result of Defendants' unlawful conduct;

(d) Given the amount of individual FDCPA Class Members' claims, few, if any, FDCPA Class Members have the resources to, or would choose to, seek legal redress for the wrongs Defendants committed against them, and absent FDCPA Class Members have no substantial interest in individually controlling the prosecution of individual actions;

8

(e) Even if individual FDCPA Class Members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed;

(f) Adjudications of FDCPA Class Members' claims against Defendants on an individual basis would, as a practical matter, be dispositive of the interests of other FDCPA Class Members who are not parties to the adjudication, and may substantially impair or impede the ability of other FDCPA Class Members to protect their interests; and,

(g) This action presents no difficulty that would impede its management by the Court as a class action, which is the best available means by which Plaintiff and FDCPA Class Members can seek redress for the harm caused by Defendants.

**F.     Injunctive Relief**

39.    Defendants knowingly filed improper Proofs of Claim which failed to comply with Bankruptcy Rule 3001 and which contained false statements, resulting in uniform damage to Plaintiff and FDCPA Class Members.  Additionally, Defendants have sought to collect debts in bankruptcy that they are not entitled to collect.  As a result, Defendants have acted or refused to act on grounds generally applicable to each FDCPA Class Member, which makes final injunctive relief or corresponding declaratory relief appropriate with respect to the FDCPA Class as a whole.  Pursuant to 28 U.S.C. § 2201, there is an actual justiciable controversy which is not speculative, and a declaratory judgment is the appropriate mechanism for resolving the dispute.

40.    Because Plaintiff seeks injunctive and corresponding declaratory and equitable relief for the entire FDCPA Class, the prosecution of separate actions by individual FDCPA Class Members would create a risk of inconsistent or varying adjudications with respect to individual FDCPA Class Members, and would establish incompatible standards of conduct for

Defendants. Further, bringing individual claims would overburden the courts and would be an inefficient method of resolving the dispute at the center of this litigation.

### G.  The FDCPA Violations

41. Defendants violated 15 U.S.C. §1692e by using false, deceptive, and/or misleading representations or means in connection with the collection of a debt. Specifically, through Biltmore's President, Defendants filed a Proof of Claim falsely asserting that a reasonable belief exists that the information in the Proof of Claim is true and correct. Examples of why Defendants could not assert a reasonable belief include, but are not limited to, the patently false information regarding zero interest and zero fees.

42. Defendants violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect a debt, including making false representations and filing a Proof of Claim without sufficient information to comply with Rule 3001.

43. Regarding Exhibit 1, given that the alleged underlying claim is a "Payday Loan" that was in default, and that no supporting documents from the original creditor are attached, and no supporting documents from the original creditor were even available to Defendants, it is not reasonable to believe that the amount owed on a defaulted payday loan would have no interest or fees.

44. Furthermore, Defendants knew they possessed no documentation sufficient to comply with Rule 3001's requirements regarding documentation on which the claim is based.

45. As shown by the examples in Exhibits 2 through 8, the Proofs of Claim that Defendants filed in the FDCPA Class Member's bankruptcy cases will similarly show this common violation.

46. Exhibit 2 is a Proof of Claim that asserts a claim for a consumer's account that went into default in 2010, in which the filer certifies that there is no interest and that there are no fees, and for which no supporting documents from the original creditor were available to either Defendant.

47. As a further example, Exhibit 3 is a Proof of Claim that asserts a claim for a consumer's account that went into default in 2011, in which the filer certifies that there is no interest and that there are no fees, and for which no supporting documents from the original creditor were available to either Defendant.

48. As a further example, Exhibit 4 is a Proof of Claim that asserts a claim for consumer's account with Western Sky that went into default in 2013, in which the filer certifies that there is no interest and that there are no fees, and for which no supporting documents from the original creditor were available to either Defendant.

49. As a further example, Exhibit 5 is a Proof of Claim that asserts a claim for a consumer's account that went into default in 2009, in which the filer certifies that there is no interest and that there are no fees, and for which no supporting documents from the original creditor were available to either Defendant.

50. As a further example, Exhibit 6 is a Proof of Claim that asserts a claim for a consumer's cell phone account that went into default in 2012, in which the filer certifies that there is no interest and that there are no fees, and for which no supporting documents from the original creditor are attached. Defendants filed this Proof of Claim even though, as shown in Exhibit 7, Porania filed the identical alleged claim under a separate claim number and the description "money loaned".

51. As a further example, Exhibit 8 is a Proof of Claim that asserts a claim for a consumer's account that went into default in 2005, in which the filer certifies that there is no interest and that there are no fees, and for which no supporting documents from the original creditor were available to either Defendant.

52. As a result of their violations of the FDCPA, Porania and Biltmore are liable to Plaintiff and the putative FDCPA Class Members for actual and statutory damages, plus costs and attorneys' fees.

## COUNT II
## CLASS CLAIM AGAINST ONLY PORANIA
## VIOLATIONS OF FEDERAL RULE OF BANKRUPTCY PROCEDURE 3001

53. Plaintiff realleges and incorporates all factual allegations in the complaint.

54. Pursuant to Rules 23(a), (b)(2), and (c)(4) of the Federal Rules of Civil Procedure, Plaintiff brings this class action on behalf of herself and all others similarly situated. Specifically, Plaintiff seeks to represent the following persons ("the Rule 3001 Class" or "Rule 3001 Class Members"):

All debtors in the Bankruptcy Court for the Eastern District of Virginia who did not list a debt to Porania in their bankruptcy Schedules and in whose bankruptcy cases a Proof of Claim was filed alleging that Porania had purchased a claim from third parties, where the Proofs of Claim: (a) do not include documents from the original alleged creditor, (b) state that $0.00 in interest, fees, or other charges are included in the claim amount, and (c) state that the person signing the Proof of Claim has a reasonable belief that the information in the Proof of Claim is true and correct.

55. As set forth below, using the factors for (b)(3) class actions as a guide for this (b)(2)-only class, injunctive and corresponding declaratory relief is appropriate for the Rule 3001 Class as a whole.

56. For this (b)(2) class, the members can be easily identified through Porania's records, the records of this Court, and the records of this Court's Chapter 13 trustees.

### A. Numerosity

57. The proposed Rule 3001 Class is so numerous that individual joinder of all Members is impracticable.

58. The subject involves hundreds—if not thousands—of Rule 3001 Class Members. While the identities of Rule 3001 Class Members are unknown to Plaintiff at this time, their identifying information is readily ascertainable through appropriate investigation and discovery. The disposition of the claims of the Rule 3001 Class Members in a single action will provide substantial benefit to all class members and to the Court. The Rule 3001 Class Members and the Chapter 13 Trustees in each affected case may be notified through the Bankruptcy Notification Center.

### B. Predominance of Common Questions of Law and Fact

59. Common questions of law and fact exist as to all Members of the Rule 3001 Class and predominate over any questions affecting only individual Rule 3001 Class Members. These common legal and factual questions include, but are not limited to, the following:

(a) Whether the proofs of claim contain false certifications that the signor had a reasonable belief that the information contained in each proof of claim was true and correct;

(b) Whether the proofs of claim violate Federal Rule of Bankruptcy Procedure 3001;

(c)    Whether Porania was entitled to file a Proof of Claim when it did not possess sufficient documentation to comply with Rule 3001; and

(d)    Whether, as a result of Porania's activities, Plaintiff and Rule 3001 Class Members are entitled to declaratory and injunctive relief, or other relief; and, if so, the nature of such relief.

### C.    Typicality

60.    Plaintiff's claims are typical of the claims of the Members of the Rule 3001 Class. Plaintiff and Rule 3001 Class Members share the facts and legal claims or questions in this complaint. Plaintiff and all Rule 3001 Class Members have been similarly affected by Porania's common course of conduct: filing Proofs of Claim in this District that violate Rule 3001.

### D.    Adequacy

61.    Plaintiff will fairly and adequately represent and protect the interests of the Rule 3001 Class. Plaintiff has retained counsel with substantial experience in handling bankruptcy matters as well as complex class action litigation, including complex questions that arise in this type of financial and consumer protection litigation.

62.    Plaintiff and her counsel are committed to the vigorous prosecution of this action. Plaintiff and her counsel will fairly and adequately protect the interests of the members of the Rule 3001 Class. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

### E.    Superiority

63.    A class action is superior to other available methods for the fair and efficient adjudication of the present controversy for at least the following reasons:

(a) The claims presented in this case predominate over any questions of law or fact affecting individual Rule 3001 Class Members;

(b) Individual joinder of all Rule 3001 Class Members is impracticable;

(c) Absent a Class, Plaintiff and Rule 3001 Class Members will continue to suffer harm as a result of Porania's unlawful conduct;

(d) Few, if any, Rule 3001 Class Members have the resources to, or would choose to, seek legal redress for the wrongs that Porania committed against them, and absent Rule 3001 Class Members have no substantial interest in individually controlling the prosecution of individual actions;

(e) Even if individual Rule 3001 Class Members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed;

(f) Adjudications of individual Rule 3001 Class Members' claims against Porania would, as a practical matter, be dispositive of the interests of other Rule 3001 Class Members who are not parties to the adjudication, and may substantially impair or impede the ability of other Rule 3001 Class Members to protect their interests; and,

(g) This action presents no difficulty that would impede its management by the Court as a class action, which is the best available means by which Plaintiff and Rule 3001 Class Members can seek redress for the harm caused by Porania.

**F.     Injunctive Relief**

64. Porania knowingly filed improper Proofs of Claim that failed to comply with Bankruptcy Rule 3001 and which contained false statements, resulting in uniform damage to Plaintiff and Rule 3001 Class Members. As a result, Porania has acted or refused to act on

grounds generally applicable to each Rule 3001 Class Member, which makes final injunctive relief or corresponding declaratory relief appropriate with respect to the Rule 3001 Class as a whole. Pursuant to 28 U.S.C. § 2201, there is an actual justiciable controversy which is not speculative, and a declaratory judgment is the appropriate mechanism for resolving the dispute.

65. Because Plaintiff seeks injunctive and corresponding declaratory and equitable relief for the entire Rule 3001 Class, the prosecution of separate actions by individual Rule 3001 Class Members would create a risk of inconsistent or varying adjudications with respect to individual Rule 3001 Class Members, and would establish incompatible standards of conduct for Porania. Further, bringing individual claims would overburden the courts and would be an inefficient method of resolving the dispute at the center of this litigation.

**G. The Rule 3001 violation**

66. Porania violated Federal Rule of Bankruptcy Procedure 3001(c)(1) by filing a Proof of Claim when it knew it did not have the documentation from the original creditor on which the claim was based.

67. Porania violated Federal Rule of Bankruptcy Procedure 3001(c)(2) by failing to file with its Proof of Claim an itemized statement of the interest, fees, expenses, or charges that were actually incurred before the bankruptcy petition was filed and which were included in the claim amount.

68. Porania violated Federal Rule of Bankruptcy Procedure 3001(c)(1) by filing a Proof of Claim containing a false certification that the signor had a reasonable belief that the information contained in the Proof of Claim was true and correct, when it had no basis for that belief.

69. Exhibits 1 through 8 are examples of Porania's common practice of having Proofs of Claim filed on its behalf where it asserted no interest and fees are included in a defaulted consumer account, and where no documentation about the original account is available.

70. As a further example of how Porania profits from systematically filing improper claim, even duplicative claims like Exhibit 7 and 8, Exhibits 9, 10, and 11 are three separate Proofs of Claim filed by Porania that disclose an identical claim amount for an account allegedly opened on the same day in 2010 and then charged off by three different creditors on the exact same day over five years later.

71. For Exhibits 9, 10, and 11, Porania's claim that each account was opened by a different creditor and had a different account number is not reasonable given that no documentation is provided. Instead, these Exhibits show that Porania is simply taking information that it has purchased electronically and using that information to file Proofs of Claim that it has no right to file.

72. As a result of the violations of the Federal Rule of Bankruptcy Procedure 3001(c)(1), and as the alleged "holder of the claim", Porania is subject to an appropriate remedy as determined by this Court, for Plaintiff and the putative Rule 3001 Class Members, and also for costs and attorneys' fees.

## VII. DEMAND FOR RELIEF

Plaintiff therefore requests on behalf of herself and the proposed two classes, the following relief:

(i) An order certifying the FDCPA Class Members' claims pursuant to Fed. R. Civ. P. 23(b)(3) and/or 23(b)(2), or certifying such issues as may be deemed appropriately treated on a class basis;

(ii) An order certifying the Rule 3001 Class Members' claims pursuant to Fed. R. Civ. P. 23(b)(2), or certifying such issues as may be deemed appropriately treated on a class basis;

(iii) An order appointing named Plaintiff as representative of both classes and appointing undersigned counsel as Class counsel for each class;

(iv) An award of damages under the FDCPA, including actual and statutory damages jointly and severally, as against Porania LLC, and Biltmore Asset Management, LLC, in an amount to be proven at the time of trial;

(v) An award of the appropriate remedy as determined by this Court for Porania LLC's violations of Federal Rule of Bankruptcy Procedure 3001(c)(1), including but not limited to striking Porania's claims filed in violation of this rule;

(vi) An award of attorneys' fees;

(vii) An award of litigation costs;

(viii) A Declaration that Defendants violated the law and an injunction against them filing any further Proofs of Claim that violate Federal Rule of Bankruptcy Procedure 3001(c)(1); and

(ix) Other declaratory or injunctive relief as the Court deems fair and equitable.

Respectfully submitted,
**ERNESTINE ROBINSON**
By: /s/ Mark C. Leffler
    Counsel for Plaintiff

Emily Connor Kennedy (VSB #83889)
Mark C. Leffler (VSB #40712)
Boleman Law Firm, P.C.
2104 W. Laburnum Ave., Suite 201
Richmond, VA 23227
Telephone (804) 358-9900
Counsel for Plaintiff

Dale W. Pittman (VSB #15673)
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
Telephone (804) 861-6000
Counsel for Plaintiff

Thomas D. Domonoske (VSB #35434)
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd., Suite 1A
Newport News, VA 23601
Telephone (540) 442-7706
Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

I certify that on March 31, 2017, a copy of the foregoing was mailed via first class mail to the following:

Porania, LLC
c/o Jonathan Koop, Incorporator
6991 E. Camelback Rd., D300
Scottsdale, AZ 85251

Porania, LLC
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange St.
Wilmington, DE 19801

I further certify that on March 31, 2017, I served the following party with a copy of the foregoing by CM/ECF:

Biltmore Asset Management, LLC
c/o Rachael L. Loughlin, Esquire
O'Hagan Meyer PLLC
411 East Franklin Street, Suite 500
Richmond, VA 23219

By:   /s/ Mark C. Leffler
      Mark C. Leffler
      Counsel for Plaintiff