**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re:  Ernestine Robinson<br>Debtor | Case No. 16-30817-KLP<br>Chapter 13 |

ERNESTINE ROBINSON, individually and on behalf of a
class of similarly situated individuals,

        Plaintiff,

v.                                                                                                                                Adv. Pro. No. 17-03023-KLP

PORANIA, LLC, and
BILTMORE ASSET MANAGEMENT, LLC

        Defendants.

**MEMORANDUM IN SUPPORT OF DEFENDANT,
BILTMORE ASSET MANAGEMENT, LLC'S, MOTION TO DISMISS
<u>AMENDED CLASS ACTION COMPLAINT</u>**

Defendant Biltmore Asset Management, LLC ("Biltmore"), by counsel, submits this Memorandum in Support of its Motion to Dismiss the Amended Class Action Complaint ("Amended Complaint") (Document 20) filed by Plaintiff Ernestine Robinson ("Plaintiff" or "Robinson"), individually and on behalf of a class of similarly situated individuals, and states as follows:

**<u>INTRODUCTION</u>**

Plaintiff, a debtor in Chapter 13 bankruptcy, filed this action against Biltmore and Porania LLC ("Porania") (collectively, "Defendants"). Plaintiff's Amended Complaint asserts that Biltmore violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (e) & (f)

("FDCPA") by filing a proof of claim (the "POC") in Plaintiff's bankruptcy case that failed to comply with the applicable Federal Rules of Bankruptcy Procedure 3001(c)(1) & (2). *See* (Doc. 20, ¶¶ 1, 24, 25, 26, 27, 28, 41-52).

In Count I, the only count alleged against Biltmore, Plaintiff alleges Biltmore violated the FDCPA by using "false, deceptive, and/or misleading representations" and "unfair and unconscionable means" to collect a debt. (Doc. 20, ¶¶ 41, 42). Plaintiff's assertions that the POC does not comply with Fed. R. Bankr. P. 3001(c)(1) & (2) are upended by her allegations and exhibits in the Amended Complaint , which establish that the required form was completed and attached to the POC describing the circumstances of the loss or destruction of the writing upon which the POC was based. (Doc. 20, ¶ 20).

Second, Plaintiff alleges that the POC is false because in addition to there being no documentation attached, "it is not reasonable to believe that the amount owed on a defaulted payday loan would have no interest or fees." (Doc. 20, ¶ 43). Plaintiff's conclusory assumption fails to support a cause of action.

Additionally, Plaintiff's claim is meritless because Plaintiff fails to identify unique factual support for Biltmore's alleged violations of the FDCPA § 1692(f) and § 1692(e). Plaintiff simply restates the same alleged misrepresentations and alleges failure to comply with bankruptcy procedure. Those unsupported allegations fail to make the claim plausible.

Finally, Plaintiff claims without support that Biltmore failed to produce any legal document showing that it is entitled to enforce the debt. However, Plaintiff does not identify any legal or factual basis for her assertion that additional documents are required to show that Defendants are entitled to enforce the debt. (Doc. 20, ¶ 24). *See also* F.R.B.P. 3001(b).

Accordingly, Plaintiff's Amended Complaint fails to overcome the legal and factual deficiencies that plagued her initial complaint against Biltmore. *See* Doc. 1. Equally, Plaintiff's Amended Complaint relies heavily upon conclusory allegations and, on its face, lacks legal authority for its claims. Plaintiff's Amended Complaint should be dismissed with prejudice.

## **RELEVANT FACTUAL ALLEGATIONS**

Plaintiff alleges that on February 24, 2016, she filed for relief under Chapter 13 of title 11 U.S. Code in the Bankruptcy Court for the Eastern District of Virginia. (Doc. 20, ¶ 12). On July 12, 2016, Defendants filed the POC for $800 in Plaintiff's bankruptcy case. (*Id*. at 13). Plaintiff asserts that Defendants are debt collectors. (*Id. at* ¶¶ 7-11). Plaintiff alleges that the POC identifies Defendant, Porania, as the current creditor, (*Id*. at ¶14), and that Biltmore regularly collects or attempts to collect debts that are owed or due or asserted to be owed or due another. (*Id*. at ¶11). Plaintiff asserts Biltmore identified itself in the POC as the creditor's attorney or authorized agent. (*Id*. at 17).

Plaintiff asserts that Defendants affixed three attachments to the proof of claim: the claim form; a "Statement Under Fed. R. Bankr. P. 3001(c)(1) of the Circumstances of the Loss or Destruction of the Writing Upon Which the Claim is Based"; and an account summary. (Doc 20, at ¶¶ 17-21). The POC states that the $800 payday loan does not include interest or other charges. (Doc 20, at ¶¶ 15, 16). Plaintiff contends that she did not list a debt owed to Defendants in her bankruptcy schedules and denies owing this debt to Defendants. (*Id.* at ¶¶ 23, 24). Plaintiff also alleges that the Defendants' Statement under Rule 3001(c)(1) states that the debt was purchased from a seller who has a document retention policy of not keeping copies of the underlying agreements, applications, or other writings upon which the claim is based. (*Id*. at ¶ 25).

Plaintiff alleges that Defendants knew or reasonably should have known when they purchased the debt and when they filed the POC that they were not entitled to enforce this debt in a United States Bankruptcy Court. (*Id*. at ¶ 26). Plaintiff asserts that Defendants knew or reasonably should have known when they filed the POC that it contained false statements of fact and that they did not possess sufficient data to comply with the requirements of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure. (*Id*. at ¶¶ 27, 28).

## ARGUMENT

**I.      Standards of Review**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 8(a)(2). "Rule 8(a) (2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n. 3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (*citing Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, however, unsupported legal allegations need not be accepted. *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, as are conclusory factual allegations devoid of any

4

reference to actual events. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979) *citing Iqbal*, 556 U.S. at 678.

## II. Count I's Conclusory Allegations Fail to Support Plaintiff's Claim that Biltmore Violated the FDCPA.

Plaintiff's Amended Complaint is peppered with generalized allegations of wrongdoing that lack factual foundation. To establish a *prima facie* case for violation of the FDCPA, a plaintiff must allege or prove that (1) the defendant was a debt collector, (2) the defendant's conduct in attempting to collect a debt was prohibited by the Act and (3) the debt was a consumer debt. *In re Meadows*, 425 B.R. 806, 809 (Bankr. W.D. Va. 2010). Going further, in order to successfully claim a violation of § 1692(e), Plaintiff must show that the collection effort involved false or misleading representations. *In re Meadows*, 425 B.R. 806, 810 (Bankr. W.D. Va. 2010).[1] With regard to § 1692(f), a plaintiff must also allege or prove that the collection effort was unfair or unconscionable. *Id*. Plaintiff fails to allege any facts establishing these elements of her claim. Instead, Plaintiff's Amended Complaint contains little more than formulaic recitations of the elements of the causes of action, as prohibited by *Twombly*. *Twombly*, 127 S.Ct. at 1965. *See also* Doc. 20, ¶¶ 41-42.

As in *Meadows*, Plaintiff merely paraphrases the language of 15 U.S.C. §§ 1692(e) and (f), and alleges that Defendants violated those portions of the statute. *In re Meadows*, 425 B.R. at 810–11. (Doc. 20, ¶¶ 41-43). Specifically, Count I alleges that Defendants violated the FDCPA by using "false, deceptive, and/or misleading representations or means," and that Defendants used "unfair and unconscionable means" to collect a debt. *Id*. Plaintiff leaves it up to the Court and Defendants to deduce from the unsupported allegations precisely what was

---

[1] In *Meadows*, the court dismissed the complaint of a Chapter 13 debtor brought via adversary proceeding where allegations that an agency violated the FDCPA were conclusory in nature and were not entitled to presumption of truth in determining whether the debtor stated claim upon which relief could be granted, and the debtor's few non-conclusory allegations did not state plausible claims that the agency violated the FDCPA.

false, deceptive, or misleading within the POC and what unfair and unconscionable means were utilized, since none were specifically alleged.

Plaintiff's only allegation of "wrongdoing" is a mere assumption by Plaintiff that "it is not reasonable to believe that the amount owed on a defaulted payday loan would have no interest or fees." (Doc. 20, ¶ 43). Plaintiff's belief, however, fails to render plausible a claim of wrongdoing under the FDCPA. Accordingly, Plaintiff's Count I must be dismissed.

### III. Notwithstanding its factual deficiency, Count I fails to state a claim because F.R.B.P. 3001(c) does not provide Plaintiff with a basis for objecting to a POC.

Despite Plaintiff's best efforts to piggyback a claim against Biltmore under F.R.B.P. 3001(c) in conjunction with the FDCPA, there is no separate cause of action, nor is there a basis under the FDCPA for alleging failure to comply with bankruptcy procedure. (Doc. 20, ¶¶ 24-28). Thus, Plaintiff's allegations regarding F.R.B.P. in support of Count I are equally untenable. 11 U.S.C. § 501(a) provides that a creditor may file a proof of claim, stating its legal claims. Fed.R.Bankr.P. 3001(a). Rule 3001(c) provides that if a proof of claim is based on a writing, then the party making the claim shall file the original or a duplicate with the proof of claim, if it exists. Fed.R.Bankr.P. 3001(c). If the original was lost or destroyed, however, Rule 3001(c) requires the party making the claim to attach a statement of the circumstances of the loss or destruction to the proof of claim. *Id*. *See Meral, Inc. v. Xinergy, Ltd*., 2016 WL 7235846, at *3 (W.D. Va. Dec. 13, 2016) *citing In re Falwell*, 434 B.R. at 783. *See also* Fed. R. Bankr. P. 3001(f) ("A proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim."). "The burden then shifts to the debtor to object to the claim," and to "introduce evidence to rebut the claim's presumptive validity." *In re Hartford Sands Inc*., 372 F.3d 637, 640 (4th Cir. 2004). Such evidence "must be sufficient to demonstrate the existence of a true dispute and must have probative force equal to

6

the contents of the claim." *Falwell*, 434 B.R. at 784. "If the debtor offers such evidence, the burden shifts back to the creditor to produce evidence meeting the objections and establishing the claim." *Id*. As Plaintiff acknowledges in her Amended Complaint, the POC includes a statement regarding Biltmore's authority to collect the debt; the required documentation of the loss or destruction of the document upon which the claim is based; and the account summary stating the details of the claim. (Doc. 20, ¶¶ 14-21). On the face of the Amended Complaint, it is clear that Plaintiff's Count I is unsupported.

Moreover, because Biltmore complied with Rule 3001(c), its POC is *prima facie* evidence of the validity and amount of the claim. Specifically, despite Plaintiff's objection to the lack of documentation "showing that Defendants are entitled to enforce the debt", she concedes that Biltmore filed the appropriate statement pursuant to F.R.B.P. 3001(c)(1) explaining the absence of the documentation. (Doc. 20, ¶¶ 24, 25). Paragraph 20(b) of the Amended Complaint, therefore, negates Plaintiff's claim, in that it establishes that Biltmore filed and completed the necessary form to explain the "Circumstances of the Loss or Destruction of the Writing Upon Which the Claim is Based," as required by F.R.B.P. 3001(c)(1). (Doc. 20, ¶¶ 20(b), 25).

Notably, Rule 3001(c) does not provide Plaintiff with an independent basis for objecting to a proof of claim. *In re Falwell*, 434 B.R. at 783. The grounds for the disallowance of a proof of claim are specifically listed in 11 U.S.C. § 502 – not in the Bankruptcy Rules. Therefore, it is not enough for the Chapter 13 debtor to merely complain that the proof of claim filed by a creditor lacks sufficient documentation under the Bankruptcy Rules, the debtor must also assert a grounds for disallowance under § 502, as for example, by contesting the amount claimed to be owed. *In re Falwell*, 434 B.R. at 784. *Also see In re Heath*, 331 B.R. 424, 435 (9th Cir. BAP

2005) ("Noncompliance with Rule 3001(c) is not one of the statutory grounds for disallowance."). Nor is there authority to suggest that it rises to the level of a violation of §§ 1692(e) or (f). Even so, Plaintiff simultaneously complains that no debt is owed because she did not list it in her bankruptcy schedules and claims that the POC must be false because there are no fees or interest charged. (Doc. 20, ¶¶ 23, 24). Thus, the precise nature of her objection is unclear. Again, Plaintiff's Count I is fundamentally deficient and must be dismissed.

### IV. Plaintiff's claim under Section 1692(e) is based upon the same alleged misconduct as her Section 1692(f) claim and must be dismissed.

Plaintiff's Amended Complaint improperly alleges the same basis for both of her claims under the FDCPA. In *Biber v. Pioneer Credit Recovery, Inc.*, the court granted a motion to dismiss pursuant to F.R.C.P. 12(b)(6) where the plaintiff's claims were conclusory and failed to identify clearly the wrongdoing that undergirded each of his claims under the FDCPA. The court concluded:

> This claim fails to pass muster under Rule 12(b)(6), as it is axiomatic that a § 1692(f) cause of action may not be based on the "same alleged misconduct that undergirds [a] § 1692(e) claim." Thus, courts routinely dismiss § 1692(f) claims where the plaintiff "does not allege any conduct in [a § 1692(f) claim] separate from the conduct that forms the basis of the §1692(e) claims.

*Biber v. Pioneer Credit Recovery, Inc.*, No. 1:16-CV-804, 2017 WL 118037, at *11 (E.D. Va. Jan. 11, 2017). (internal citations omitted). In reaching its decision, the court reasoned that the plaintiff failed to allege facts unique to his § 1692(f) claim. *Id*. "Put differently, Biber does not identify which of Pioneer's actions were "unfair and unconscionable," in violation of § 1692(f), as opposed to 'false, deceptive, or misleading,' in violation of § 1692(e)." *Id*.

Here, Plaintiff alleges that Biltmore made false representations in its POC. (Doc. 20, ¶¶ 41-44). The pleading of both claims is so vague, in fact, that it is difficult to discern which act is

being alleged in support of each alleged violation. *See Id*. It is evident, however, that the core of the claims is focused upon the alleged misrepresentations and that they are used as the basis for both § 1692(f) and § 1692(e). (Doc. 20, ¶¶ 41, 42). The only potentially "unique" allegation to the § 1692(f) claim is the alleged failure to provide sufficient information to comply with Rule 3001, which, as discussed previously, is a fundamentally flawed claim in its own right. Thus, Plaintiff's Count I is likewise deficient in that it fails to identify unique bases for its allegations of wrongdoing by Biltmore pursuant to § 1692(f) and § 1692(e). Count I must be dismissed.

### V. Plaintiff asserts no legal basis for her claim that Biltmore failed to prove its entitlement to enforce the debt.

Last, Plaintiff claims with no factual basis that Biltmore failed to produce any legal document showing that it is entitled to enforce the debt. Again, the exhibits attached to the Amended Complaint belie Plaintiff's allegations, as a proof of claim "shall be executed by the creditor or the creditor's authorized agent." F.R.B.P. 3001(b). On page 3 of Exhibit 1, Biltmore, by its President, identifies itself under penalty of perjury, as the "creditor's attorney or authorized agent." *See also* Doc. 20, ¶ 19. Contrary to Plaintiff's unsupported contention, there is no additional requirement in the applicable bankruptcy rules that necessitates attaching a document showing that Defendants are entitled to enforce the debt. (Doc. 20, ¶ 24). *See also* F.R.B.P. 3001(b). Accordingly, Plaintiff's assertion lacks foundation. Count I must be dismissed with prejudice, as it fails on all fronts.

### **CONCLUSION**

For the foregoing reasons, Defendant requests that the Court grant the instant Motion to Dismiss Plaintiff's Amended Class Action Complaint with prejudice.

Dated: April 12, 2017  Respectfully Submitted,

BILTMORE ASSET MANAGEMENT, LLC

/s/ Charles M. Sims
Charles M. Sims (VSB No. 35845)
O'Hagan Meyer, PLLC
411 East Franklin Street, Suite 500
Richmond, Va. 23219
Tel.: 804-403-7100
csims@ohaganmeyer.com

*Counsel for Biltmore Asset Management, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of April, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following counsel of record:

Mark C. Leffler, Esq.
Boleman Law Firm, P.C.
P.O. Box 11588
Richmond, Va. 23230

*Counsel for Plaintiff*

/s/ Charles M. Sims
Charles M. Sims (VSB No. 35845)
O'Hagan Meyer, PLLC
411 East Franklin Street, Suite 500
Richmond, Va. 23219
Tel.: 804-403-7100
csims@ohaganmeyer.com

*Counsel for Biltmore Asset Management, LLC*