**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

In re:  Ernestine Robinson                                               Case No. 16-30817-KLP
Debtor                                                                              Chapter 13
_____

ERNESTINE ROBINSON, individually and on behalf of a
class of similarly situated individuals,

           Plaintiff,

v.                                                                                              Adv. Pro. No. 17-03023-KLP

PORANIA, LLC, and
BILTMORE ASSET MANAGEMENT, LLC

           Defendants.
_____

**SUPPLEMENTAL BRIEF IN SUPPORT OF BILTMORE ASSET MANAGEMENT,
LLC'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Biltmore Asset Management, LLC ("Biltmore"), submits this Supplemental Brief in Support of its Motion to Dismiss the Amended Class Action Complaint ("Am. Comp.") (Dkt. No. 20) filed by Ernestine Robinson ("Plaintiff").

**ARGUMENT**

    **1.**    **The Supreme Court's *Midland* Decision.**

In *Midland Funding, LLC v. Johnson*, -- U.S. --, 137 S. Ct. 1407 (2017), the Supreme Court held that a debt collector does not violate 15 U.S.C. §§ 1692e or 1692f of the Fair Debt Collections Practices Act ("FDCPA") by filing a proof of claim that on its face indicates that the limitations period had run on the claim. The Supreme Court's analysis and reasoning, as discussed below, applies with equal force to Plaintiff's FDCPA claims against Biltmore.

The Supreme Court in *Midland* rejected the plaintiff's argument that the filing of a time barred proof of claim in a Chapter 13 bankruptcy constituted a "false, deceptive, or misleading

representation" in violation of § 1692e, because (1) the filing of a proof of claim is merely a statement by a creditor that it has a right to payment subject to disallowance by the Court; and (2) the audience for the proof of claim includes a trustee, who is sophisticated in handling such matters. *Id.* at 1412-13. The Supreme Court also rejected the plaintiff's argument that the "claim" must be enforceable to be valid under the United States Bankruptcy Code ("Code"). *Id.* at 1412 (citing 11 U.S.C. § 101(5)). The Court noted the Code provides that if the "claim" is unenforceable, it will be disallowed. *Id.* Thus, the Code makes clear that an "unenforceable claim is nonetheless a 'right to payment,' hence a 'claim,' as the Code uses those terms." *Id.* The Court went on to explain that "to determine whether a statement is misleading normally 'requires consideration of the legal sophistication of its audience.'" *Id.* at 1413 (quoting *Bates v. State Bar of Arizona*, 433 U.S. 350, 383, n. 37 (1977)). The audience in a Chapter 13 bankruptcy case includes a trustee, "who must examine proofs of claims and, where appropriate, pose an objection." *Id.* (citing 11 U.S.C. §§ 704(a)(5) and 1302(b0(1)). The "trustee is likely to understand that, as the Code says, a proof of claim is a statement by the creditor that he or she has a right to payment subject to disallowance…" *Id.* For these reasons, the Court held that plaintiff had not asserted a claim for violation of § 1692e.

The Supreme also held the debt collector's assertion of an obviously time-barred claim was not "unfair" or "unconscionable" in violation of § 1692f, principally because unlike a debt collector's civil suit, the "features of a Chapter 13 bankruptcy proceeding make it considerably more likely that an effort to collect upon a stale claim in bankruptcy will be met with resistance, objection, and disallowance." *Id.* at 1414. The Court reasoned that unlike a civil proceeding, the consumer initiates the Chapter 13 bankruptcy proceeding, "and consequently the consumer is not likely to pay a stale claim just to avoid going to court." *Id.* at 1413. Furthermore, "a

knowledgeable trustee is available," and "[p]rocedural bankruptcy rules more directly guide the evaluation of claims." *Id.* (citations omitted).

The Court also found it significant that the debtor bears the burden of proving the untimeliness of a claim as an affirmative defense in bankruptcy, and application of §1692f in the bankruptcy context would impermissibly shift the burden of investigating a claim's staleness to the debt collector. *Id.* at 1413-14. The Court expressed an unwillingness to upset the "delicate balance of a debtor's protections and obligations" established by the Code. *Id.* at 1414. The Court reasoned that application of the FDCPA to the bankruptcy context would impose new procedural requirements for creditors asserting a claim "to investigate the merits of an affirmative defense," which is the "debtor's job to assert and prove." *Id.* Accordingly, the Court could not and would not find that the practice at issue was "unfair" or "unconscionable" within the terms of the FDCPA. *Id.*

### 2.    *Midland's* **Application to this Case.**

While this case does not concern the assertion of a clearly time barred claim, the Supreme Court's reasoning in *Midland* applies to this case and mandates dismissal of Plaintiff's FDCPA claim against Biltmore. Plaintiff claims that Biltmore "filed a Proof of Claim falsely asserting that a reasonable belief exists that the information in the Proof of Claim is true and correct," and Biltmore did not attach documents to the Proof of Claim ("POC") filed on behalf of Porania; thus, it violated §§ 1692e and 1692f of the FDCPA. *See* Am. Comp. (Case No. 17-03023-LKLP, Dkt. No. 20 at ¶¶ 41 and 42). Plaintiff, thus, grounds her FDCPA claim on the assertion that Biltmore's POC is not enforceable, which the Supreme Court rejected as a basis for application of the FDCPA to a proof of claim in bankruptcy.

3

Biltmore complied, however, with the form and content requirements of Federal Rule of Bankruptcy Procedure 3001(c) when it filed the POC, because it provided a statement explaining the lack of documentation with the POC. As such, Biltmore articulated a right to payment that enjoys *prima facie* validity until a bankruptcy court determines otherwise. As was the case in *Midland*, Biltmore's POC is a statement that Biltmore has right to payment subject to disallowance under bankruptcy procedures.

Thus, while the lack of documentation may ultimately affect the enforceability of Biltmore's claim, it does not render the claim "false, deceptive or misleading." As was the situation in *Midland*, Biltmore's POC is a valid claim. The audience in this Chapter 13 proceeding initiated by Plaintiff includes the Chapter 13 Trustee, who is "likely to understand that, as the Code provides," Biltmore's POC "is a statement by a creditor that [it] has a right to payment subject to disallowance." *Id.* Indeed, Plaintiff has objected to the proof of claim and the enforceability of the Biltmore's claim will be determined in accordance with the Code and this Court's procedures. (*See* Case No. 16-30817-KLP, Dkt. No. 37). Thus, as a matter of law, Biltmore's filing of a POC that complied with the Code's procedural requirements cannot give rise to a claim for violation of § 1692e.

Likewise, Plaintiff's § 1692f claim fails because there is nothing "unfair" or "unjust" in filing a POC without supporting documentation. The Code permits such a filing. Moreover, as noted in *Midland*, unlike a civil suit by a debt collector, Plaintiff initiated this Chapter 13 proceeding and thus, is not likely to pay the claim just to avoid going to court. Furthermore, a "knowledgeable trustee is available, and the procedural bankruptcy rules guide the evaluation of Biltmore's claim.

If a creditor complies with the procedural requirements for the filing of a POC, as Biltmore did here, then "the claim is entitled to a presumption as to its validity and amount." *In*

4

*re Freeman-Clay*, Case No. 14-41871-drd13, 2017 WL 3841739, *10 (W.D. Mo. 2017). A party in interest, such as Plaintiff, "objecting to the claim must rebut that presumption." *Id.* Thus, as was the situation in *Midland,* which concerned an affirmative defense, the Plaintiff bears the burden to overcome the presumption of validity that attaches to Biltmore's POC. To make the FDCPA applicable to Biltmore's POC, which Plaintiff seeks to do here, would upset the "delicate balance" provided by the Code, and authorize a new, significant bankruptcy-related remedy – essentially shifting the burden of proof – not provided for in the Code. Indeed, Plaintiff's position essentially negates the Code's express authority permitting the filing of POCs in the absence of documentation, and shifts the burden of proof to the creditor. The Supreme Court's reasoning in *Midland* counsels against such a result.

## CONCLUSION

For the foregoing reasons and those set forth more fully in its Motion and Supporting Memorandum, Defendant requests that the Court grant Defendant's Motion to Dismiss Plaintiff's Amended Class Action Complaint with prejudice.

Dated: October 10, 2017    Respectfully Submitted,

**BILTMORE ASSET MANAGEMENT, LLC**

/s/ *Laura E.K. Musick*
Laura K. Musick (Va. State Bar No. 88922)
Charles M. Sims, Esq. (Va. State Bar No. 35845)
O'Hagan Meyer, PLLC
411 East Franklin Street, Suite 500
Richmond, Va. 23219
Tel.: 804-403-7100
Fax: 804-237-0250

*Counsel for Biltmore Asset Management, LLC*

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 10th day of October, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following counsel of record:

Mark C. Leffler, Esq.
Boleman Law Firm, P.C.
P.O. Box 11588
Richmond, Va.  23230

Dale W. Pittman, Esq.
The Law Office of Dale W. Pittman, P.C.
112-A West Tabb Street
Petersburg, VA 23803

Thomas Domonoske, Esq.
Consumer Litigation Associates
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601

*Counsel for Plaintiff*

Bizhan Beiramee, Esq.
Beiramee & Saboura, P.C.
7508 Wisconsin Avenue, 2nd Floor
Bethesda, MD 20814

*Counsel for Defendant Porania LLC*

        /s/ Laura E.K. Musick
        Laura E.K. Musick (VSB No. 88922)
        O'Hagan Meyer, PLLC
        411 East Franklin Street, Suite 500
        Richmond, Va. 23219
        Tel.: 804-403-7100
        lmusick@ohaganmeyer.com

        *Counsel for Biltmore Asset Management, LLC*